UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC CLYDE BALL,

        Petitioner,        Case No. 1:08-cv-52

v.        Honorable Robert J. Jonker

SHIRLEE A. HARRY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Following a jury trial in Calhoun County Circuit Court, Petitioner was convicted of possession with intent to deliver over 650 grams of cocaine in violation of MCL 333.7401(2)(a)(I). On March 8, 1996, Petitioner was sentenced to a mandatory sentence of life in prison without the possibility of parole. Petitioner appealed to the Michigan Court of Appeals (COA) on April 2, 1996. The Court of Appeals affirmed his conviction on October 7, 1997. Petitioner then sought leave to appeal from the Michigan Supreme Court. His application was rejected as untimely on December 11, 1997.

In his application, Petitioner asserts that on November 5, 1997, he also filed "an, (a). Motion for Rehearing, and (b). Motion for Relief from Judgment - pursuant to MCR. 2.612(c)(1)(a) & (f) - MCR. 7.213(B)" with the Michigan Court of Appeals. (Pet. at 7.) These motions were returned to Petitioner on December 30, 1997, because the time for rehearing had passed. Apparently petitioner contemporaneously filed the motion for relief from judgment in the Calhoun County Circuit Court as well, and that court also denied the motion, on the basis that the issues raised could have been presented in petitioner's initial appeal to the Michigan Court of Appeals. (Order dated Nov. 21, 1997.)

Petitioner raises one ground in his application for habeas relief. Petitioner asserts that the trial court has prevented him from filing a motion under Mich. Ct. R. 6.500 to challenge the complaint and arrest warrant for the crime of which he is convicted.[1] (Pet. at 6.) Petitioner claims

---

[1] Petitioner asserts that he was held in the Calhoun County Jail for approximately forty-one days before being properly charged with a complaint and given a hearing on the crime which he is now convicted. Petitioner raised other grounds on his direct appeal, but did not challenge the validity of the complaint. (Pet. at 7.) He now wishes to challenge the validity of the complaint and warrant in a MICH. CT. R. 6.500 motion.

that his "Motion for Correction of Mistakes, Pursuant to MCR. 6.435(A)" dated October 9, 2007, was improperly denied by the trial court. (Pet., Exs. 8 & 9.) The trial court denied Petitioner's motion for correction of mistakes "for the reason that the issues have been previously decided by the court (MCR 6.502)." (Order, Pet., Ex. 9.)

      II.     <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

- 3 -

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Court of Appeals denied his direct appeal on October 7, 1997. Pursuant to MICH. CT. R. 7.302(C), Petitioner had fifty-six days to file an application with the Michigan Supreme Court. According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals, but the Michigan Supreme Court rejected his application as untimely filed. Thus, he cannot be considered to have pursued an appeal in the Michigan Supreme Court.

Since petitioner failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." 28 U.S.C. § 2244(d)(1)(A) (Emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court

of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the fifty-six day period in which Petitioner could have filed an application for leave to appeal for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral*, 166 F.3d at 577; *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Therefore, Petitioner's conviction became final on December 3, 1997.

Before his conviction became final, Petitioner unsuccessfully filed "an, (a). Motion for Rehearing, and (b). Motion for Relief from Judgment - pursuant to MCR. 2.612(c)(1)(a) & (f) - MCR. 7.213(B)" with the Michigan Court of Appeals on November 5, 1997. (Pet. at 7.) Petitioner did not appeal the trial court's order. Under *Lawrence v. Florida*, 127 S. Ct. 1079 (2007), it is unclear wether Petitioner would be entitled to *any* additional tolling from November 21, 1997. At most, Petitioner would be entitled to tolling for the one-year period in which he could file a delayed application for leave to appeal to the Michigan Court of Appeals. Therefore, giving Petitioner the benefit of that tolling period, he had one year from November 21, 1998, to file his habeas

application. Petitioner filed on January 11, 2008, nine years later.[3] Obviously, he filed more than one year after the time for review has expired, and his application is time-barred.

Petitioner asserts that the motion for relief from judgment he filed with the Court of Appeals in 1997 should not bar him from filing a MICH. CT. R. 6.500 motion with the trial court now. Even if Petitioner was able to file a new Rule 6.500 motion in the future it would not revive his ability to file a habeas petition within the statute of limitations. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired in 1999, a motion for relief from judgment filed after that date cannot serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at *1 (N.D. Cal. Feb. 2, 1999).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308

---

[3]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner's application was filed with the Court on January 16, 2008. However, Petitioner signed the application on January 11, 2008, and the Court will give him the benefit of the earlier filing date.

F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to allege any facts or circumstances that would warrant its application in this case. According to Petitioner's application, the trial court denied his motion for relief from judgment on November 21, 1997. Petitioner also states that the Court of Appeals rejected his improperly file motion for relief from judgment on December 30, 1997. (Pet. at 7.) Petitioner further states that on September 20, 2007- almost ten years later-he requested copies of "specific documents pursuant to, MCR. 4.33(C) for post conviction remedies from out of the Criminal Trial Court files." (*Id.* at 8.) He then filed a "Motion for Correction of Mistakes, pursuant to, MCR. 6.435(A)" on October 9, 2007. (*Id.*) Petitioner fails to assert that he pursued *any* post-conviction remedies during the almost ten-year period between December 30, 1997 and September 20, 2007. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not

excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 510. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  March 10, 2008                                 /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).